WILBUR A. KLEIN, PLAINTIFF-RESPONDENT, v. CHARLES GAFFNEY AND EDWARD GAFFNEY, DEFENDANTS-APPELLANTS.

Decided October 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendants-appellants, *Rogers & Johnson.*

For the plaintiff-respondent, *Thomas H. Brown.*

PER CURIAM.

The plaintiff leased from the defendants a garage in the town of Kearny. Under the terms of the lease, which was in writing, $1,050 was deposited with the landlords as security for the faithful performance of the covenants in the lease. After an alleged eviction, this action was brought to

recover so much of the security so deposited as was due. The jury returned a verdict for the plaintiff.

It appears that the tenant was constantly in arrears and was constantly allowed to continue, upon payment of the arrearages of rent due until September 16th, 1926, when the following notice was given:

"To Wilbur A. Klein:

"You are hereby notified that your tenancy of the premises known as No. 852 Kearny avenue, Kearny, New Jersey, is hereby terminated and at an end because of your failure to pay your rent for September, 1926, as provided for in your lease made between yourself and Charles Gaffney and Edward J. Gaffney covering the demised premises.

"And demand is hereby made that you remove from said premises occupied by you within three days after service of this notice upon you.

"Dated September 16th, 1926.

CHARLES GAFFNEY &
EDWARD J. GAFFNEY."

The plaintiff complied with this request and delivered up possession.

The trial court left it to the jury to say whether the lease was terminated by this notice and compliance therewith, or whether it continued the landlords entering under the lease.

If the lease continued, the plaintiff was not entitled to recover, and the defendant's motion for a nonsuit or a directed verdict should have been granted.

When the notice was given, the tenant was in default. Under the terms of the lease the landlords could have entered and evicted the tenant, but they elected to notify him that the tenancy was at an end and the tenant complied with this notice. Certainly, the trial judge quite properly treated the notice of September 16th, 1926, as evidence of an election by the landlords to terminate the lease. Hence, there was no error in leaving the case to the jury. In *United Cigar Stores Co. v. Heithaus*, 132 *Atl. Rep.* 655, there was no such notice.

It seems immaterial that prior to September 16th, 1926, the landlords had, on accepting rent, required the tenant to stipulate that such acceptance was not a waiver of the terms of the lease. It was important that they preserve their rights when they took possession not some months before.

It seems hardly necessary to comment on the action of the trial judge in striking testimony as to the length of time the premises remained vacant after the termination of the lease. Such testimony was immaterial on the issue before the court.

The judgment will be affirmed.